# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| EDUARDO HUERTA, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>OCWEN LOAN SERVICING, INC. and DOES 1 through 15 inclusive,<br><br>                    Defendants. | Case Number C 09-05822 (HRL)<br><br>ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND EXPUNGE THE *LIS PENDENS* |

## I. BACKGROUND

This action arises out of a mortgage transaction.  On June 22, 2006, Plaintiff Eduardo Huerta ("Plaintiff") procured a loan to purchase real property located at 3838 Carrrera Court, San Jose, California ("the Property").  Complaint ¶ 1; *see also* Defendant's Request for Judicial Notice ("RJN"), Ex. 1 ("Deed of Trust").[1]  The Deed of Trust identifies Plaintiff and Sandra

---

[1] Defendants make an unopposed request that the Court take judicial notice of six documents: the deed of trust, Ex. 1; the Corporation Assignment of Deed of Trust, Ex. 2, the Notice of Default and Election to Sell Under Deed of Trust, Ex. 3; the Substitution of Trustee, Ex. 4; the Notice of Trustee's Sale, Ex. 5; and the Notice of Pendency of an Action for *Lis Pendens*, Ex. 6.

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986).  Each of these documents has been recorded in the Santa Clara Recorder's Office and is a public record judicially noticeable pursuant to Fed. R. Evid. 201.  Moreover, Plaintiff refers to

1  Duran, husband and wife, as the borrowers and Downey Savings and Loan Association, F.A. as

2  the lender. *Id.* Sandra Duran is not a named party in the instant action.

3     On or about July 28, 2006, the Deed was assigned to Deutsche Bank National Trust

4  Company, as trustee for the "registered holders of DSLA Mortgage Loan Trust Mortgage Loan

5  Pass-Through Certificates, Series 2006-ARS" ("Deutsche Bank"). RJN, Ex. 2. Defendant

6  Ocwen Loan Servicing, LLC ("Defendant") services the loan for Deutsche Bank.

7     In approximately October 2008, Plaintiff defaulted on his loan repayment obligations, and

8  a Notice of Default was recorded on June 2, 2009. RJN, Ex. 3. A Notice of Trustee's Sale was

9  recorded on November 6, 2009 and the Trustee's sale was scheduled for November 30, 2009.

10 RJN, Ex. 5.

11    On or about November 25, 2009, Plaintiff filed a complaint in the Santa Clara Superior

12 Court alleging the following claims for relief: (1) quiet title; (2) wrongful foreclosure; (3) breach

13 of implied covenant of good faith and fair dealing; (4) unfair business practices; (5) breach of

14 fiduciary duty; (6) intentional infliction of emotional distress; and (7) negligent infliction of

15 emotional distress. On December 11, 2009, Defendant removed the action to this Court.

16 Defendant now moves to dismiss for failure to state a claim upon which relief may be granted.

17                    **II. LEGAL STANDARD**

18    "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

19 cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*

20 *Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion

21 to dismiss, "all allegations of material fact are taken as true and construed in the light most

22 favorable to the nonmoving party." *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-338 (9th

23 Cir. 1996). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does

24 not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle

25

26 the Notice of Default and the Notice of Trustee's Sale in his complaint. Accordingly, these

27 documents may be incorporated by reference as well. *In re Silicon Graphics, Inc. Sec. Litig.*, 183
   F.3d 970, 986 (9th Cir. 1999) (holding that under the "incorporation by reference" doctrine, the

28 Court also may consider documents which are referenced extensively in the complaint and which
   are accepted by all parties as authentic).

                                    2

1    [ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

2    elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555,

3    127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted).  Leave to amend must be

4    granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas*

5    *v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

6                                    **III. DISCUSSION**

7            **A. General deficiency of Plaintiffs' claims**

8            Plaintiff's complaint is almost entirely lacking in factual allegations.  Indeed, the Court

9    was forced to rely upon Defendant's requests for judicial notice in order to gain even a

10   superficial understanding of the facts underlying the instant action.  In light of the conclusory

11   nature of Plaintiff's allegations, the Court will grant Defendant's motion.  *Bell Atlantic,* 550 U.S.

12   at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

13   factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief'

14   requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

15   of action will not do").  Because the Court will grant leave to amend, it will touch upon the

16   deficiencies in each of Plaintiff's claims to promote efficiency.

17           **B. Quiet Title**

18           "The purpose of a quiet title action is to establish one's title against adverse claims to real

19   property. A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the

20   rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of

21   Trust.'" *Santos v. Countrywide Home Loans*, No. Civ. 2:09-02642 WBS DAD, 2009 WL

22   3756337, at *4 (E.D. Cal. Nov. 6, 2009), quoting *Kelley v. Mortgage Elec. Reg. Sys., Inc.,* 642

23   F.Supp.2d 1048, 1057 (N.D. Cal. 2009).  "[A] mortgagor cannot quiet his title against the

24   mortgagee without paying the debt secured." *Watson v. MTC Financial, Inc., No.*

25   2:09-CV-01012 JAM-KJM, 2009 WL 2151782, at *4 (E.D. Cal. Jul. 17, 2009), quoting

26   *Shimpones v. Stickney,* 219 Cal. 637, 649, 28 P.2d 673 (1934).  Plaintiff does not allege that he

27   has paid the debt secured by the mortgage or that he has the ability to tender.

28

**C. Wrongful Foreclosure**

Plaintiff's allegations of wrongful foreclosure consist of the following, "22. Plaintiff re-alleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action. 23. Defendants are attempting to conduct an irregular and premature non-judicial foreclosure sale, depriving Plaintiff of his rights to redemption." Complaint ¶¶ 22-23. As addressed above, *see* III.A, these conclusory allegations fail to meet even the liberal pleading standard of Rule 8.

**1. Affidavit that Notice of Substitution was Provided**

In his opposition papers, Plaintiff argues that Defendant violated and ignored Section 2934a(c) of the California Civil Code when it failed to attach an affidavit to the Notice of Substitution, filed August 6, 2009. It appears that Plaintiff's counsel mistakenly cited Section 2934a(c) instead of Section 2934a(b), which reads:

> (b) If the substitution is effected after a notice of default has been recorded but prior to the recording of the notice of sale, the beneficiary or beneficiaries shall cause a copy of the substitution to be mailed, prior to the recording thereof, in the manner provided in Section 2924b, to the trustee then of record and to all persons to whom a copy of the notice of default would be required to be mailed by the provisions of Section 2924b. An affidavit shall be attached to the substitution that notice has been given to those persons and in the manner required by this subdivision.

Cal. Civ. Code § 2934a(b).

Defendant contends that Plaintiff's allegations with respect to Section 2924a(b) are "factually incorrect." Reply at 1. Defendant submits a copy of the Notice of Substitution with a recordation date of November 6, 2009. RJN, Ex. 4 (Recorded Notice of Substitution). That document includes the affidavit of mailing for substitution of trustee required pursuant to Section 2934a(b), which was signed and dated November 3, 2009. *Id*. at 2. Plaintiff does not object to Defendant's request for judicial notice or question the authenticity of the Notice or affidavit.

**2. Possession of the Note**

The complaint also alleges that the foreclosure is wrongful because the "Trustee is not in possession of the original Note..." Complaint ¶ 14a. However, it is well established that under California law, possession of the original note is not a prerequisite to foreclosure. *See Putkkuri v. ReconTrust Co.,* No. 08cv1919 WQH (AJB), 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009)

4

(stating that "[p]ursuant to section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure process. Cal. Civ.Code § 2924(a). Production of the original note is not required to proceed with a non-judicial foreclosure."); *see also Candelo v. Ndex West*, LLC, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008) (noting that "[n]o requirement exists under the statutory framework to produce the original note to initiate non-judicial foreclosure").

**D. Breach of the Implied Covenant of Good Faith and Fair Dealing**

This claim for relief depends upon the existence of a contract. *Racine & Laramie, Ltd. v. Cal. Dep't of Parks & Recreation,* 14 Cal. Rptr. 2d 335, 338- 39 (Ct. App. 1992); *see also Foley v. Interactive Data Corp.,* 765 P.2d 373, 389 (1988) (explaining that "[t]he covenant of good faith and fair dealing was developed in the contract arena and is aimed at making effective the agreement's promises"). No contractual relationship exists between Plaintiff and Defendant. Defendant did not originate the promissory note or deed of trust, nor is it an assignee of the promissory note or deed of trust; Defendant merely services the loan for the beneficiary. Accordingly, there is no contract upon which a claim for breach of the implied covenant of good faith and fair dealing may be based.

**E. Unfair Business Practices**

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Accordingly, "[a]n act can be alleged to violate any or all of the three prongs of the UCL-unlawful, unfair, or fraudulent." *Berryman v. Merit Prop. Mgmt., Inc.,* 152 Cal. App. 4th 1544, 1554 (2007). The complaint alleges that Defendant violated Section 17200 as follows:

> 27. Plaintiff re-alleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.
> 28. Defendants [sic] violations of *California Civil Code Sections 1624, 2924 et. seq.* were designed to unfairly prejudice Plaintiff and generate profit from Plaintiff's loss.
> 29. Due to the Defendants [sic] unfair business practices, Plaintiff has suffered hardship. Plaintiff have [sic] been damaged in the amount to be proven at trial. Second, Plaintiff requests reasonable attorney [sic] fees and costs.

Complaint ¶¶ 27-29. However, in his opposition papers, Plaintiff contends that his claim of unfair business practices is based upon Defendant's alleged violation of Cal. Civ. Code §

5

1  2934a(c).  Because Defendant complied with the applicable statutory provision, *see supra* III.C.1,

2  Plaintiff fails to state a claim pursuant to Section 17200.

3  **F. Breach of Fiduciary Duty**

4     A claim for negligence or breach of fiduciary duty requires the existence of a legal duty to

5  exercise reasonable care or to act as a fiduciary. *See, e.g., Mendoza v. City of Los Angeles,* 66

6  Cal.App.4th 1333, 1339, 78 Cal.Rptr.2d 525 (1998) (identifying the elements as "(1) a legal duty

7  to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and

8  (4) the plaintiff's injury"); *Nymark v. Heart Federal Savings & Loan Ass'n,* 231 Cal.App.3d

9  1089, 1095, 283 Cal.Rptr. 53 (1991) ("The existence of a duty of care owed by a defendant to a

10  plaintiff is a prerequisite to establishing a claim for negligence."); *see also Shopoff & Cavallo*

11  *LLP v. Hyon,* 167 Cal.App.4th 1489, 1509, 85 Cal.Rptr.3d 268 (2008) (holding that a plaintiff

12  must demonstrate the existence of a fiduciary relationship, breach of that duty, causation, and

13  damages). The "question of the existence of a legal duty of care ... presents a question of law

14  which is to be determined by the courts alone." *First Interstate Bank of Ariz., N.A. v. Murphy,*

15  *Weir & Butler,* 210 F.3d 983, 986 (9th Cir. 2000).

16     It is well established that a "lender owes no duty of care to a borrower when the

17  institution's involvement in the transaction does not exceed the scope of its conventional role as

18  a mere lender of money."[2]  *Benham v. American Servicing Co.*, No. C 09-01099 JSW, 2009 WL

19  4456386, at *3 (N.D. Cal. Nov. 30, 2009), citing *Nymark*, 231 Cal.App.3d at 1095-96.  It follows

20  logically that a loan servicer has no fiduciary duty to a borrower when its involvement in the

21  transaction does not exceed the scope of its conventional role as a loan servicer.  Plaintiff fails to

22  allege how Defendant exceeded the scope of its conventional role as a loan servicer such that it

23  assumed a fiduciary duty.

24     **G. Negligent Infliction of Emotional Distress**

25     "The analysis of a claim for negligent infliction of emotional distress follows the

26

27     [2]  Plaintiff contends that a fiduciary duty flows from Cal. Civ. Code § 2923.6. Opp. Mot.
   at 5.  While asserted in Plaintiff's opposition papers, this contention cannot be found in the

28  Complaint.  Moreover, Section 2923.6 merely consist of legislative findings providing servicers
   the discretion to enter loan modification – it in no way creates a fiduciary duty.

6

1 traditional elements of negligence, in which duty to the plaintiff is an essential element."

2 *Raymonde v. Mirant California,LLC*, No. C 08-03733 WHA, 2010 WL 366643, at *15 (N.D.

3 Cal. Jan. 25, 2010), citing *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 984 (1993).

4 "As such, recovery for emotional distress is available only if plaintiff can show that defendant

5 owned [*sic*] him a duty and breached that duty, thereby proximately causing the alleged

6 emotional distress." *Id.* As just discussed, Plaintiff does not allege facts showing that Defendant

7 owes him a fiduciary duty. *See supra*, III.E.

8 **H. Intentional Infliction of Emotional Distress**

9 "The elements of the tort of intentional infliction of emotional distress are: (1) extreme

10 and outrageous conduct by the defendant with the intention of causing, or reckless disregard of

11 the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme

12 emotional distress; and (3) actual and proximate causation of the emotional distress by the

13 defendant's outrageous conduct...." *Catsouras v. Department of California Highway Patrol, —*

14 Cal. Rptr. 3d — 2010 WL 337335 (Cal.App. 4 Dist.), at *10 (Cal. App. Jan. 29, 2010) (internal

15 quotations omitted), quoting *Christensen v. Superior Court,* 54 Cal.3d 868, 903, 2 Cal.Rptr.2d

16 79, 820 P.2d 181 (1991). "Conduct to be outrageous must be so extreme as to exceed all bounds

17 of that usually tolerated in a civilized community." *Id.* (internal quotations omitted). Plaintiff's

18 allegations are insufficient to show that Defendant intentionally or recklessly caused Plaintiff

19 emotional distress.

20 **I. *Lis Pendens***

21 "At any time after notice of pendency of action has been recorded, any party, or any

22 nonparty with an interest in the real property affected thereby, may apply to the court in

23 which the action is pending to expunge the [*lis pendens*]." Cal. Civ. Proc. Code § 405.30.

24 Among other grounds, "the court shall order that the notice be expunged if the court finds that the

25 claimant has not established by a preponderance of the evidence the probable validity of the real

26 property claim." Cal. Civ. Proc. Code § 405.32. Because Plaintiff does not allege sufficient facts

27 to state a claim, Defendant's motion to expunge the *lis pendens* will be granted.

28

## IV. ORDER

Good cause therefor appearing, Defendant's motions to dismiss the complaint and to expunge the *lis pendens* are GRANTED. Because the complaint is Plaintiffs' first pleading that has been reviewed by the Court, and because it is not entirely clear that at least some of the deficiencies of the complaint could not be cured by amendment, Plaintiff shall have leave to amend. Any amended complaint shall be filed within thirty (30) days of the date this order is filed.

**IT IS SO ORDERED.**

Dated: 3/1/2010

_____
JEREMY FOGEL
United States District Judge

Case Number C 09-05822 (HRL)
ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND EXPUNGE THE LIS PENDENS
(JFLC1)