**E-Filed 6/16/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDUARDO HUERTA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, DEUTSCHE BANK NATIONAL TRUST COMPANY and DOES 1 through 15 inclusive,<br><br>Defendants. | Case Number C 09-05822 (HRL)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>[re: Docket No. 21] |

The instant action arises from a mortgage transaction. On or about November 25, 2009, Plaintiff filed a complaint in the Santa Clara Superior Court against Defendant Ocwen Loan Servicing, LLC, erroneously referred to as Ocwen Loan Servicing, Inc., ("Ocwen") alleging the following claims for relief: (1) quiet title; (2) wrongful foreclosure; (3) breach of implied covenant of good faith and fair dealing; (4) unfair business practices; (5) breach of fiduciary duty; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. On December 11, 2009, Ocwen removed the action to this Court. On December 17, 2009, Ocwen moved to dismiss the complaint and to expunge the *lis pendens*. On March 1, 2010, the Court granted Ocwen's motion, identifying deficiencies within each of Plaintiff's seven claims and also explaining that Plaintiff generally had failed to plead any of his claims with the

specificity required by Fed. R. Civ. P. 8. March 1, 2010 Order at 3 ("Plaintiff's complaint is almost entirely lacking in factual allegations. Indeed, the Court was forced to rely upon Defendant's requests for judicial notice in order to gain even a superficial understanding of the facts underlying the instant action. In light of the conclusory nature of Plaintiff's allegations, the Court will grant Defendant's motion.").

On March 23, 2010, Plaintiff filed his first amended complaint ("FAC"). Plaintiff added Defendant Deutsche Bank National Trust Company ("Deutsche Bank") as a Defendant and asserted the following six claims as to Ocwen and Deutsche Bank (collectively, "Defendants"): (1) fraud; (2) set aside trustee's sale and cancel trustee's deed; (3) quiet title; (4) conversion; (5) unfair business practices; and (6) intentional infliction of emotional distress. On April 13, Defendants moved to dismiss the instant action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff has not filed opposition to the motion. Pursuant to Civil Local Rule 7-1(b), the Court has determined that the motion is appropriate for determination without oral argument. Having reviewed the moving papers, the Court concludes that the motion is well-taken.

Dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In ruling on such a motion, the court construes the complaint in the light most favorable to the plaintiff and takes all material allegations in the complaint as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted). The complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. , 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. (quoting Twombly,* 550 U.S. at 556-57).

Plaintiff again fails to plead facts with sufficient particularity to meet even the liberal pleading standard of Fed. R. Civ. P. 8, let alone the heightened standard that applies to his claim of fraud pursuant to Fed. R. Civ. P. 9. *See Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103-04 (9th Cir. 2003) (if "the claim is said to be "grounded in fraud" or to "sound in fraud," [then] the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."); *Kaplan v. Rose,* 49 F.3d 1363, 1370 (9th Cir. 1994) (claims based in fraud "must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud.")

Moreover, Plaintiff has not addressed other deficiencies identified in the Court's previous order. For example, Plaintiff again alleges that Defendants violated Cal. Civ. Code § 2934a(c) by not mailing him a Notice of Substitution of Trustee. FAC ¶ 13. However, the Court previously took judicial notice of a copy of the recorded Notice of Substitution and affidavit of mailing for substitution of trustee required pursuant to Section 2934a(b). RJN, Ex. 4 (Recorded Notice of Substitution and Affidavit of Mailing) (displaying a recordation date of November 6, 2009). Plaintiff did not object to Ocwen's request for judicial notice and fails to challenge the authenticity of these documents or the fact that they refute his claim.

Good cause therefor appearing, Defendants' motion to dismiss the FAC is GRANTED. Defendants urge the Court to deny leave to amend in light of the fact that Plaintiff has already had an opportunity to rectify the deficiencies in pleading his claims. However, in keeping with the strong policy in the Ninth Circuit favoring amendment and the fact that Plaintiff alleges certain claims for relief for the first time in his FAC, the Court will provide Plaintiff with one more opportunity to plead his claims. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding that leave to amend should be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment). However, particularly in light of Plaintiff's failure to oppose the instant motion, further leave to amend will not be granted.

The hearing date of June 18, 2010 is vacated. Any amended complaint shall be filed

3

1 | within thirty (30) days of the date of this order.

2 | **IT IS SO ORDERED.**

3 | Dated: 6/16/2010

_____
JEREMY FOGEL
United States District Judge

4